IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SAMUEL MICHAEL LOPEZ, TDCJ #2267576, | § § § | |
| Plaintiff, | § § | |
| vs. | § § | CIVIL ACTION NO. H-19-3857 |
| BRITTENY ARRON, et al., | § § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER**

State inmate Samuel Michael Lopez (TDCJ #2267576) has filed a Prisoner's Civil Rights Complaint under 42 U.S.C. § 1983 ("Complaint") (Docket Entry No. 1), seeking monetary damages for his wrongful conviction and imprisonment in the Texas Department of Criminal Justice - Correctional Institutions Division ("TDCJ"). Because Lopez is a prisoner who proceeds in forma pauperis, the court is required to scrutinize the claims and dismiss the Complaint, in whole or in part, if it determines that the Complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted" or "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); 28 U.S.C. § 1915(e)(2)(B). After considering all of the pleadings, the court concludes that this case must be dismissed for the reasons explained below.

## I. Background

Lopez is presently incarcerated by TDCJ at the Jester III Unit in Richmond.[1] Public records confirm that Lopez is confined in TDCJ as the result of a recent conviction in Montgomery County Case No. 18-06-07414.[2] Lopez was convicted of aggravated sexual assault of a child in that case and sentenced to life imprisonment on May 15, 2019.[3]

On October 3, 2019, Lopez filed this civil rights action under 42 U.S.C. § 1983 against the following defendants: (1) Assistant District Attorney Britteny Arron; (2) the Montgomery County District Attorney's Office; and (3) criminal defense attorney Benton Baker, who represented Lopez in connection with the charges lodged against him in Case No. 18-06-07414.[4] Lopez's primary claim is that Ms. Arron improperly used several prior convictions to enhance his punishment under the Texas habitual offender statute, making him eligible for a life sentence.[5] Lopez contends further that Arron displayed "bias" against his religious beliefs and

---

[1] Complaint, Docket Entry No. 1, p. 1. For purposes of identification, all page numbers refer to the pagination imprinted by the court's electronic filing system, CM/ECF.

[2] See Texas Department of Criminal Justice Offender Information, located at: http://offender.tdcj.texas.gov (last visited October 21, 2019).

[3] See id.

[4] See Complaint, Docket Entry No. 1, p. 3.

[5] See id. at 3-4, 6.

violated his rights by pursuing a racially discriminatory prosecution.[6] He seeks monetary damages and a new trial.[7] The court concludes, however, that the Complaint must be dismissed because Lopez fails to articulate a claim upon which relief may be granted under 42 U.S.C. § 1983.

## II. **Discussion**

Lopez sues the defendants in this case under 42 U.S.C. § 1983 for wrongful conviction and imprisonment. "To state a claim under § 1983, a plaintiff must (1) allege a violation of rights secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law." Lefall v. Dallas Indep. Sch. Dist., 28 F.3d 521, 525 (5th Cir. 1994) (citations omitted).

To the extent that Lopez seeks monetary damages for his wrongful conviction under 1983, the Complaint must be dismissed for failure to state a viable claim. It is well established that prosecutors are entitled to absolute immunity from civil rights claims for actions taken in the scope of their duties in initiating a prosecution and presenting the state's case. See Imbler v. Pachtman, 96 S. Ct. 984, 995 (1976). Therefore, Lopez cannot recover monetary damages from the Montgomery County District Attorney's Office or Ms. Arron for actions taken while pursuing his

---

[6] See id.

[7] See id. at 4.

prosecution.

It is also well established that criminal defense attorneys, even court-appointed ones, are not state actors for purposes of a suit under 42 U.S.C. § 1983. See Hudson v. Hughes, 98 F.3d 868, 873 (5th Cir. 1996) (citing Polk Cty. v. Dodson, 454 U.S. 312, 324-25 (1981); Mills v. Criminal Dist. Court No. 3, 837 F.2d 677, 679 (5th Cir. 1988)). Because a civil rights complaint made against a criminal defense attorney contains no state action, Lopez fails to state a claim upon which relief can be granted as a matter of law against Benton Baker. See Hudson, 98 F.3d at 873; see also Biliski v. Harborth, 55 F.3d 160, 162 (5th Cir. 1995).

More importantly, a prisoner cannot recover monetary damages based on allegations of "unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid," without first proving that the challenged conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determinations, or called into question by a federal court's issuance of a writ of habeas corpus [under] 28 U.S.C. § 2254." Heck v. Humphrey, 114 S. Ct. 2364, 2372 (1994). Because it is evident that Lopez's underlying conviction has not been set aside or invalidated, his civil rights claims are not cognizable under 42 U.S.C. § 1983. See Johnson v. McElveen, 101 F.3d 423, 424 (5th Cir. 1996) (explaining that claims barred by Heck are "dismissed

with prejudice to their being asserted again until the <u>Heck</u> conditions are met"). Accordingly, his Complaint will be dismissed with prejudice as legally frivolous and for failure to state a claim under 42 U.S.C. § 1983.

### III. Conclusion and Order

Based on the foregoing, the court **ORDERS** as follows:

1. The Prisoner Civil Rights Complaint under 42 U.S.C. § 1983 filed by Samuel Michael Lopez (Docket Entry No. 1) is **DISMISSED with prejudice.**

2. The dismissal will count as a strike for purposes of 28 U.S.C. § 1915(g).

**The Clerk is directed to provide a copy of this Memorandum Opinion and Order to the plaintiff. The Clerk will also send a copy of this Order to (1) the TDCJ - Office of the General Counsel, Capitol Station, P.O. Box 13084, Austin, Texas, 78711, Fax: 512-936-2159; and (2) the Manager of Three Strikes List at Three_Strikes@txs.uscourts.gov.**

SIGNED at Houston, Texas, on this 24th day of Oct, 2019.

SIM LAKE
UNITED STATES DISTRICT JUDGE